**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID ROSARIO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-0127 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Patricia L. Dodge |
| LIEUTENANT HOLLOWOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I.      RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion to Reopen Case (ECF No. 63) be denied.

### II.      REPORT

#### A.      **Relevant Background**

Plaintiff David Rosario ("Rosario"), a state prisoner currently in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced this pro se civil rights action in January 2023 against Lieutenant Hollowood, C.O. Phillips, C.O. Adamson, C.O. Riggleman, and Dr. Amy Silbersmidt. (ECF No. 8.)

The underlying litigation stems from events that allegedly occurred on May 20, 2022 while Rosario was incarcerated at State Correctional Institution ("SCI") at Greene. During that time, all of the named Defendants worked, in some capacity, for the DOC at SCI Greene. Rosario alleged that he was physically assaulted by Hollowood, Phillips, Adamson, and Riggleman (collectively, the "DOC Defendants"), in what the Complaint referred to as "a series of events in which unnecessary and/or excessive force was initiated against Plaintiff by named defendants, outside of established 'use of force' procedural manual (DC-ADM 201), as a means of causing

him harm and not for any penological purpose." (*Id.* ¶ 31.) Rosario further alleged that Dr. Silbersmidt was deliberately indifferent to his serious mental health needs by failing to provide adequate psychological intervention. (*Id.* ¶¶ 57-59.)

On May 24, 2023, the DOC Defendants filed a Waiver of Reply under 42 U.S.C. § 1997e(g)[1] instead of filing an answer. (ECF No. 19.) After reviewing Rosario's allegations, however, the Court ordered that the DOC Defendants reply pursuant to 42 U.S.C. § 1997e(g)(2).[2] (ECF No. 21.) The DOC Defendants answered on June 26, 2023. (ECF No. 29.)

Dr. Silbersmidt moved separately to dismiss the Complaint. (ECF Nos. 46, 47.) In response, Rosario requested dismissal of his Eighth and Fourteenth Amendment claims against her. (ECF No. 50.) Construing this as a notice of voluntary dismissal, the Court dismissed all claims against Dr. Silbersmidt and dismissed her as a defendant. (ECF No. 52.) The Court then issued a Case Management Order on August 14, 2023, setting various deadlines relating to discovery[3] and the timing of summary judgment motions. (ECF No. 54.)

The parties subsequently filed a stipulation of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 61.) The case was officially marked closed, and remained that way until December 5, 2024, when Rosario filed the present motion to reopen this action. The motion states that Rosario had signed a General Release and Settlement Agreement ("the Agreement"), privately settling all claims on October 3, 2023. As part of the Agreement, Rosario was to be transferred out of SCI Greene, and Rosario alleged that he was assured by

---

[1] Section 1997e(g)(1) permits a defendant in a § 1983 action brought by a prisoner to waive their right to reply without admitting to any allegations contained in the complaint. *See* 42 U.S.C. § 1997e(g)(1).

[2] "The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997e(g)(2).

[3] Discovery closed on November 13, 2023. (ECF No. 54.)

counsel for the DOC Defendants that he would not be transferred back to SCI Greene. But approximately one year later, Rosario was transferred back to SCI Greene, thus prompting him to file a motion for reinstatement of the settled action. (ECF No. 63.)

The DOC Defendants filed a response in opposition to the motion on December 19, 2025. (ECF No. 67.) Shortly after, they filed a "Notice of Mootness," informing the Court that Rosario had since been transferred to SCI Somerset, thereby "suggest[ing] that Plaintiff's motion is now moot." (ECF No. 68 at 2.)

On January 23, 2025, the Court held a video status conference with the parties. The Court explained what reinstatement of this action would entail and provided the parties an opportunity to further explain their positions. (ECF No. 71.) The motion is now ripe for consideration.

### B.    <u>Discussion</u>

Section 3626(c) of the PLRA provides:

SETTLEMENTS.—
(1) CONSENT DECREES.—
In any civil action with respect to prison conditions, the court shall not enter or approve a consent decree unless it complies with the limitations on relief set forth in subsection (a).

(2) PRIVATE SETTLEMENT AGREEMENTS.—
(A) Nothing in this section shall preclude parties from entering into a private settlement agreement that does not comply with the limitations on relief set forth in subsection (a), if the terms of that agreement are not subject to court enforcement other than the reinstatement of the civil proceeding that the agreement settled.

(B) Nothing in this section shall preclude any party claiming that a private settlement agreement has been breached from seeking in State court any remedy available under State law.

18 U.S.C. § 3626(c). *See also* 18 U.S.C. § 3626(g)(6) (defining "private settlement agreement" as "an agreement entered into among the parties that is not subject to judicial enforcement other than the reinstatement of the civil proceeding that the agreement settled."). Moreover, in *Sanchez v.*

*Klemm*, 2024 WL 3160362, at *1 (3d Cir. June 25, 2024), the Third Circuit concluded that, although a district court lacks authority to enforce the terms of a private settlement agreement, the PLRA permits reinstatement of an underlying civil case in response to an alleged breach.

At the video status conference held on January 23, 2025, Rosario confirmed to the Court that he was seeking reinstatement of his underlying civil action, rather than enforcement of the Agreement settling his claims. Thus, the relief sought by Rosario in his motion is precisely the type of relief contemplated by the PLRA. The DOC Defendants' argument that the Court lacks jurisdiction over this matter therefore lacks merit.

The Court of Appeals has not yet addressed, however, the quantum of evidence that a party must present regarding an alleged breach of a private settlement agreement in order to obtain reinstatement under Section 3626(c)(2)(A). And while the statute does not expressly provide that a settlement agreement must be breached as a predicate to reinstatement, every court to address this section has so presumed, including the Court of Appeals in *Sanchez*. *See id.* at *1. ("Sanchez now argues that prison officials violated their agreement, and seeks to reinstate his lawsuit against them.")

Rosario alleges that Defendants breached the Agreement by transferring him back to SCI Greene following his completion of SCI Phoenix's IMU program. Defendants argue that although the Agreement terms provided that Rosario be transferred to SCI Phoenix, there was no guarantee that he would not be sent back to SCI Greene once he had reached Phase I of the IMU program. The relevant portion of the Agreement states:

> Additionally, Plaintiff will be transferred to SCI-Phoenix within thirty (30) days of the execution and return of this Agreement. The purpose of the transfer is to place Plaintiff in the IMU program at SCI-Phoenix at the same level he is currently at. Plaintiff understands when he has reached Phase I of the IMU program at SCI-Phoenix or is otherwise discharged for any legitimate penological reason, **he will be transferred to another SCI**.

(ECF No. 67-2 at 7) (emphasis added).

Under Pennsylvania law, a contract must be read and interpreted as a whole, with effect

being given to each contractual provision:

> To give effect to the intent of the parties, we must start with the language used by
> the parties in the written contract. *See Szymanowski v. Brace,* 2009 PA Super 218,
> 987 A.2d 717, 722 (Pa. Super. 2009), *appeal denied,* 606 Pa. 688, 997 A.2d 1179
> (2010). Generally, courts will not imply a contract that differs from the one to which
> the parties explicitly consented. *See Kmart of Pennsylvania, L.P. v. M.D. Mall
> Associates, LLC,* 2008 PA Super 213, 959 A.2d 939, 944 (Pa. Super. 2008), *appeal
> denied,* 602 Pa. 667, 980 A.2d 609 (2008). We are not to assume that the language
> of the contract was chosen carelessly or in ignorance of its meaning. *See id.*
>
> Where the language of the contract is clear and unambiguous, a court is required to
> give effect to that language. *See Prudential Property and Casualty Ins. Co. v.
> Sartno,* 588 Pa. 205, 212, 903 A.2d 1170, 1174 (2006). Contractual language is
> ambiguous "if it is reasonably susceptible of different constructions and capable of
> being understood in more than one sense." *Hutchison v. Sunbeam Coal Co.,* 513
> Pa. 192, 201, 519 A.2d 385, 390 (1986).

*E.R. Linde Constr. Corp. v. Goodwin*, A.3d 346, 349-50 (Pa. Super. 2013).

The terms of the at-issue contract are unambiguous.[4] While Rosario's arrival back at SCI

Greene on October 22, 2024 certainly appears to contradict his desire to negotiate for his transfer

in the first place, nowhere in the Agreement does it prohibit the DOC from transferring Rosario

back to SCI Greene. In fact, there is no reference to SCI Greene in the Agreement at all. The terms

of the Agreement are clear: the DOC agreed to transfer Rosario to SCI Phoenix where he would

participate in the IMU program until reaching level 1. Once Rosario reached level 1 of the IMU

program, the terms of the Agreement expressly provide that "he will be transferred to another

---

[4] For this reason, the Court cannot consider extrinsic evidence of the parties' discussions before
the Agreement was finalized, including Rosario's claim that he was assured by counsel for the
DOC Defendants that he would not be transferred back to SCI Greene. *See, e.g.*, *Televantos v.
Lyondell Chem. Worldwide*, 31 F. App'x 63, 67 (3d Cir. 2002) ("Once a contract's terms are found
unambiguous, we may no longer consider extrinsic evidence in order to interpret those terms.").

SCI." There is no exclusion of a transfer to SCI Greene, which falls within the meaning of the term "another SCI." When Rosario completed level 1, the decision was made to transfer Rosario back to SCI Greene.

The Court acknowledges that Rosario is proceeding pro se and it is not unsympathetic to his position. He does not allege, however, that he was denied the opportunity to review the Agreement before he signed it or that he did not understand its terms. And while the parties were free to negotiate the terms of their settlement, it was ultimately their mutual responsibility to ensure that any terms to which they agreed were included in the finalized document. Therefore, because the SCI Greene transfer does not conflict with the express terms of the Agreement, it would be improper to use the transfer as a basis to reopen this action.

## III.    CONCLUSION

For these reasons, it is respectfully recommended that the Court deny Rosario's Motion to Reopen (ECF No. 63).

## IV.    NOTICE

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties may, within (14) days, file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: May 14, 2025                    /s/Patricia L. Dodge
                                       PATRICIA L. DODGE
                                       UNITED STATES MAGISTRATE JUDGE